IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JACK E.**[1], <br><br> Plaintiff, <br><br> v. <br><br> **ANDREW M. SAUL**, Commissioner of Social Security, <br><br> Defendant. | Case No. 6:19-cv-0872-JR <br><br> **ORDER** |

**Michael H. Simon, District Judge.**

     United States Magistrate Judge Jolie A. Russo issued Findings and Recommendation in this case on May 20, 2020. ECF 17. Judge Russo recommended that the Commissioner's decision that Plaintiff is not disabled be remanded for further proceedings.

     Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

     For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474

---

[1] In the interest of privacy, this Order uses only the first name and the initial of the last name of the non-governmental party in this case.

PAGE 1 – ORDER

U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Plaintiff timely filed an objection. ECF 19. Plaintiff argues that because he was borderline "advanced age" for purposes of social security regulations at the time of the administrative law judge's ("ALJ") decision, Judge Russo should have remanded for an award of benefits as of the date of the ALJ's decision. Plaintiff asserts that the ALJ limited Plaintiff to "light, unskilled work" and that, along with the additional limitations in Plaintiff's RFC, required the application of Grid Rule 202.02, which mandates a finding of "disabled." Plaintiff argues that remanding for further proceedings is a waste of time and resources.

In borderline age situations, this Court has on occasion remanded for an award of benefits as of the claimant's 55th birthday in the interest of judicial efficiency and economy, sometimes remanding for further proceedings for the period before the claimant's 55th birthday. *See, e.g.*, *Fawn C. v. Berryhill*, 2018 WL 6042775, at *1-2 (D. Or. Nov. 19, 2018); *Ward v. Berryhill*, 2018 WL 588994, at *5 (D. Or. Jan. 29, 2018); *Alertas v. Colvin*, 2014 WL 2703835, at *13-14 (D. Or. June 13, 2014). In those cases, however, there was no dispute that the claimant met the criteria for the advanced age Grid rule that mandated a finding of disability.

PAGE 2 – ORDER

Plaintiff argues that he meets Grid Rule 202.02. This Rule applies to a claimant with previous skilled or semi-skilled work and no transferable job skills, among other factors. If Plaintiff had transferable job skills, even if he was considered of advanced age, he would meet Grid Rule 202.03, which equates to "not disabled" and his adjudication would then require further analysis by the Commissioner. *See Barnes v. Berryhill*, 895 F.3d 702, 707 (9th Cir. 2018) (stating that "in the case of a claimant with additional limitations not contemplated by the Grids, a rule stating that the claimant is *disabled* will be dispositive, while one stating that the claimant is *not* disabled will not" (emphasis in original)). The ALJ, however, made no finding regarding the transferability of Plaintiff's job skills. Instead, the ALJ stated that "transferability of job skills is not material to the determination of disability . . . ."[2] AR 25. The vocational expert also did not make a recommendation regarding transferability of job skills to light work, although the vocational expert did opine that Plaintiff did not acquire any transferable skills to sedentary work. AR 56. Most unskilled sedentary jobs, however, require "good use of both hands and the fingers; i.e., bilateral manual dexterity" and the ability to engage in "repetitive hand-finger actions." SSR 96-9p, *available at* 1996 WL 374185, at * 8 (July 2, 1996). Plaintiff's RFC precludes such actions, so the vocational expert's testimony regarding the lack of skills transferable to sedentary work is not surprising.

Regardless of Plaintiff's transferability of skills to sedentary work (which also was not discussed by the ALJ), the ALJ found Plaintiff could perform light work, with additional limitations. The relevant question, therefore, is the transferability of skills to that light work.

---

[2] The Court notes that in light of Plaintiff's significant other limitations found by the ALJ, "the ALJ could not rely on the Grids to direct a finding of not disabled. And because the Grids did not direct a conclusion regarding disability, they did not permit the ALJ to conclude that transferability of skills was immaterial under SSR 82-41." *Barnes v. Berryhill*, 895 F.3d 702, 706 (9th Cir. 2018).

PAGE 3 – ORDER

"[T]ransferability of skills 'is precisely the sort of finding . . . that SSR 82-41 requires the ALJ, and not the court, to make.'" *Salazar v. Astrue*, 859 F. Supp. 2d 1202, 1222 (D. Ore. 2012) (alteration in original) (quoting *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219 (9th Cir. 2009)); *see also Michele M. v. Saul*, 2020 WL 1450442, at *12 (S.D. Cal. Mar. 25, 2020) (same).

Plaintiff appears to contend that the ALJ, although not expressly reaching transferability of skills, implicitly reached the issue by limiting Plaintiff to "unskilled" work. The RFC, however, does not limit Plaintiff to unskilled work.[3] Nor does the RFC limit Plaintiff to "simple" work or to work at any specific SVP level. The RFC only limits Plaintiff to light work, with additional exertional and nonexertional limitations relating to the use of Plaintiff's non-dominant hand and certain environmental factors.

Because the ALJ did not reach the issue of transferability of job skills, and even if Plaintiff is considered of advanced age the issue of transferability of job skills is potentially dispositive, Plaintiff's argument that this case should be remanded for an award of benefits is rejected. Even applying the rules for advanced age, it is for the ALJ, not the Court, to evaluate the transferability of job skills and to determine whether Grid Rule 202.02 or 202.03 applies.

The Court **ADOPTS** Magistrate Judge Russo's Findings and Recommendation, ECF 17. The Commissioner's decision is reversed and remanded for further proceedings.

**IT IS SO ORDERED.**

DATED this 15th day of July, 2020.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

---

[3] The Commissioner also found in Plaintiff's original determinations and on reconsideration that he was *not* limited to unskilled work. See AR 71, 84, 100, 116.

PAGE 4 – ORDER